LIBERTY and another, Respondents, v. BREAULT, Appellant.

*March 10—April 5, 1960.*

For the appellant there was a brief by *Doar & Knowles* of New Richmond, and oral argument by *Warren P. Knowles III.*

For the respondents there was a brief by *McEwen & Senn* of River Falls, and oral argument by *Ralph E. Senn.*

BROADFOOT, J. The basis of the judgment on cognovit was a promissory note dated June 10, 1948, for $5,000 signed by the defendant, payable to the plaintiffs. The note contained a warrant of attorney in the usual form authorizing any attorney of any court of record to appear and confess judgment without process in favor of the holder of the note.

The record discloses that on May 16, 1955, David J. Breault was appointed as guardian for the defendant, who was at the time in the Mendota State Hospital as a mentally ill person. Said guardian was killed in a plane accident on November 3, 1955, and letters of guardianship were issued to Marcel Breault on December 21, 1955. On December 23, 1955, following a petition therefor, an order was entered by the county judge of St. Croix county fixing the time within which creditors of said David Breault could present their claims to said court for examination and allowance. Time for filing was fixed and limited to and including the 3d day of March, 1956, with the claims to be examined and adjusted on March 6, 1956. The order further directed

that notice thereof be given to all persons interested by publication for three successive weeks, once each week, in the Hudson Star Observer, the first publication to be made within fifteen days from the date of the order. The notice was published pursuant to said order. Thereafter, and on March 16, 1956, on the petition of a creditor, the time for filing claims against the estate of David Breault was extended for all creditors generally to April 5, 1956. No notice of this extension was published. No claim was filed by the plaintiffs in the guardianship matter.

On November 15, 1957, an order was entered declaring David Breault to be competent to handle and manage his own affairs, and his guardian and the sureties on his bond were released.

The plea in bar interposed by the defendant was based upon the proceedings in the matter of the guardianship of the defendant as shown by the records thereof in the county court. The trial court overruled the plea in bar on the ground that the statutes with reference to hearing on claims had not been complied with. Sec. 319.41, Stats. 1955, read as follows:

"The guardian or a creditor of any ward may apply to the court which appointed the guardian for an examination and adjustment of the claims of all persons against such ward. Such court shall by order, fix the time and place it will examine and adjust such claims, and shall fix the time within which all claims against such ward must be presented or be thereafter barred. Notice of the time and place so fixed and limited shall be given by publication as in the estates of decedents; and all statutes relating to claims against and in favor of estates of decedents shall apply. After the court shall have made such order no suit shall be commenced or maintained in any court against such ward upon any such claim as the county court has exclusive jurisdiction of in the settlement of the estates of deceased persons."

Sec. 313.03, Stats. 1955, provided that the court must fix a minimum time of three months within which claims against a decedent may be presented. The time fixed in the order and notice in the guardianship proceeding was considerably shorter than three months. The defendant contends that sec. 319.41 quoted above gave the county court authority to fix a reasonable time for the presentation of claims and that the order and notice complied with that statute. However, we agree with the trial court that the three months' minimum is implied into the language of the statute by its wording when it states that notice of the time and place shall be given by publication as in the estates of decedents and that all statutes relating to claims against estates of decedents shall apply.

The defendant further contends that the extension of time granted upon the petition of one creditor cured any defect. Again reference must be had to sec. 313.03, Stats., which provided that the time for the presentation of claims may be extended "upon a showing satisfactory to the court and upon such notice as the court shall direct." The order extending the time to file claims was made *ex parte* without notice to the guardian or to any other interested parties, nor was any notice of the extension of time given to creditors. The words "such notice" imply that some notice must be given. The *ex parte* order could not cure the defect in the original order and notice fixing the time for filing claims. The trial court was, therefore, correct in overruling the plea in bar.

*By the Court.*—That part of the order appealed from is affirmed.